## BERNSTEIN v. SINGER.

(Supreme Court, Appellate Division, First Department.   January 24, 1896.)

1. SLANDER—CROSS-EXAMINATION OF PLAINTIFF AS TO CHARACTER.
    Cross-examination of plaintiff, in an action for slander, as to his reputation and character before the time of the alleged slander, is proper, as bearing on his credibility and the amount of compensatory damages.
2. SAME—EVIDENCE OF CHARACTER.
    Where, in an action for slander, the answer denied that defendant had always maintained a good reputation and character, but set up no justi-

fication, evidence of the general good character and standing of plaintiff before the alleged slander is part of plaintiff's case, and cannot be introduced in rebuttal, defendant having given no evidence of the general bad character and standing of plaintiff, though plaintiff was cross-examined as to his reputation and character before the time of the slander.

3. SAME—HARMLESS ERROR.
  Exclusion of evidence offered by plaintiff, in an action for slander, as to his general good character and reputation before the alleged slander, if error, is harmless, where it was found that no slanderous words were spoken.

Appeal from court of common pleas, trial term.

Action by Hyman Bernstein against Joseph Singer to recover damages for the speaking of slanderous words. The answer denied the speaking of the words, and that the plaintiff had always maintained a good reputation and character, and had suffered damages as alleged, but set up no justification, nor anything by way of mitigation. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, WILLIAMS, PATTERSON, and O'BRIEN, JJ.

Joel M. Marx, for appellant.
David Leventritt, for respondent.

WILLIAMS, J. The evidence as to whether the slanderous words were spoken as alleged was conflicting, and the verdict of the jury upon this question of fact should not be disturbed. We find nothing in the exceptions taken on the trial calling for a reversal of the judgment. The appellant complains that the defendant's counsel was permitted to cross-examine the plaintiff as to his reputation and character before the time of the speaking of the slanderous words. Such examination was proper, as bearing upon the credibility of the plaintiff as a witness, and the amount of actual or compensatory damages, if any. The plaintiff further complains that he was not allowed, in rebuttal, to give evidence of the general good character and standing of the plaintiff before the time the slanderous words were spoken. This evidence, under the pleadings, should have been given as a part of the plaintiff's case, if desired to be given at all. The defendant had given no evidence of the general bad character and standing of the plaintiff. In any event, this evidence could only effect the question of damages, and, the jury having found that no slanderous words were spoken, the exclusion of this evidence could not have affected the result.

The judgment should be affirmed, with costs. All concur.